UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                 Case No. 24-cr-0113-bhl

PIERRE A. WILEY,

        Defendant.

## ORDER DENYING DEFENDANT'S *PRO SE* MOTION FOR TEMPORARY RELEASE FROM CUSTODY

On February 6, 2025, this Court sentenced Defendant Pierre A. Wiley to forty-one (41) months' incarceration after Wiley pleaded guilty to being a felon in possession of a firearm. (ECF No. 30.) At the time of his sentencing, Wiley was in state custody serving a revocation sentence and the Court ordered his federal sentence to run concurrent to his state revocation sentence. (*Id*. at 2.) As a result, Wiley remains in state custody but will be transferred to a federal facility to complete his federal sentence upon completion of his state court incarceration. *See* 18 U.S.C. §3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018) ("The arresting sovereign retains primary custody 'until [it] relinquishes its priority in some way.'") (quoting *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005)).

On July 11, 2025, Wiley filed a *pro se* motion asking the Court to permit him to self-surrender to the designated federal facility after completing his state sentence. (ECF No. 35 at 1.) More specifically, he indicates that he will finish serving his state court sentence on August 29, 2025, and would like to be released to the community for a period to allow him to spend time with his family, some of whom are experiencing challenging medical issues, before resuming his federal sentence. (*Id.*) Wiley acknowledges that he has been serving both his federal sentence and state

revocation sentence since his federal sentencing and, as of August 29, 2025, he will have approximately thirty-four months remaining on his federal sentence. (*Id.* at 1–2.) Although sympathetic to the serious health challenges faced by Wiley's family members, the Court is without the authority to grant Wiley's request.

Wiley is currently serving his federal sentence at Kettle Moraine Correctional Institution, a Wisconsin state prison, and the Court does not have any authority to release Wiley into the community in the middle of his federal sentence based on the issues he raises. Once the court sentences a defendant, it is the Attorney General, through the Bureau of Prisons, that assumes authority for administering the sentence. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed")). If anyone has authority to address Wiley's request (and it is unclear that such authority exists) it is the federal Bureau of Prisons, not this Court.

Moreover, even if the Court had authority to give Wiley a "timeout" or reprieve in the midst of his federal sentence, it would not be inclined to do so. Wiley engaged in serious conduct, leading to his federal prosecution, conviction and sentencing. At the time of the underlying offense conduct, Wiley was a convicted felon on state court supervision who was in possession of two firearms, a loaded Glock 30 Gen 4, .45 caliber pistol, with a machinegun conversion device, and a laser light on the front as well as a FNH USA 5.7 x 28 caliber semi-automatic pistol. (ECF No. 25 at 5–6.) His arrest in this matter stemmed from a domestic violence situation that also resulted in his conviction in Milwaukee County Circuit Court Case No. 2023CF2601. (*Id.* at 15.) His federal sentence is based on his having engaged in this serious misconduct. He must remain incarcerated until his sentence is completed. Because he is still serving his concurrent state court incarceration, Wiley will remain in state custody until his state sentence is concluded after which he will be taken into federal custody to serve the remainder of his federal sentence. Accordingly, the Court will deny Wiley's *pro se* motion.

**IT IS HEREBY ORDERED** that the defendant's *pro se* motion, ECF No. 35, is **DENIED**.

Dated at Milwaukee, Wisconsin on July 25, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
